**Nohelia GOMEZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICES Respondent.**

No. 02–70468.

INS No. A70 934 946.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Nohelia Gomez, a native and citizen of Guatemala, petitions pro se for review of the decision of the Board of Immigration Appeals dismissing her appeal of the Immigration Judge's denial of her application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158 and 1253(h). Because the BIA conducted an independent review of the record, we review the BIA's decision for substantial evidence. *De Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). We deny the petition.

The BIA's dismissal of Gomez's appeal is based upon substantial evidence contained in the record. *See INS v. Elias–Zacharias,* 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). The alleged threats Gomez received because of her affiliation with the Central National Union do not rise to the level of past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000).[1] Further, the fact that the UCN party has not been active for many years shows that Gomez's fear of being persecuted for her prior affiliation with the party is no longer objectively reasonable. *See Ernesto Navas v. INS,* 217 F.3d 646, 655 n. 8 (9th Cir.2000). Accordingly, the record does not compel the conclusion that Gomez was persecuted or

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Moreover, Gomez did not provide any evidence that her uncle and cousin were killed because of their affiliation with the UNC party. The random killings of Gomez's family members do not support her claim that she will face politically motivated persecution if she returns to Guatemala. *See De Valle v. INS,* 901 F.2d 787, 792 (9th Cir.1990).

reasonably fears persecution on account of her political opinion.

Because Gomez failed to satisfy the lower standard required to establish eligibility for asylum, her claim for withholding of deportation necessarily fails. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

DENIED.